UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL WILLIAMS, | : | CIVIL ACTION NO. |
| | : | 3:02 CV 02213 (WWE) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| THE GILLETTE COMPANY, | : | |
| | : | |
| Defendant. | : | JANUARY 8, 2004 |

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF MEDICAL RECORDS

In this case of alleged discrimination on the basis of mental disability, the defendant, The Gillette Company ("Gillette"), hereby moves pursuant to Federal Rules of Civil Procedure 37(a) to compel the plaintiff, Daniel Williams, to produce his medical records, including psychiatric and/or mental health records, for the years 1998 through the present. Gillette requested these documents on March 12, 2003, and the plaintiff initially did not object and indicated the records would be produced. To date, however, the plaintiff has refused to produce such documents, which are critical to Gillette's legitimate exploration of the plaintiff's alleged mental disability and the claimed emotional distress damages.

Gillette attaches hereto a memorandum of law in support of this Motion to Compel, setting forth more fully the reasons it is entitled to obtain the sought-after medical records.

**ORAL ARGUMENT REQUESTED**

```
                                            DEFENDANT,
                                            THE GILLETTE COMPANY


                                       By _____
                                            Victoria Woodin Chavey ct14242
                                            Day, Berry & Howard LLP
                                            CityPlace I
                                            Hartford, Connecticut 06103-3499
                                            (860) 275-0100
                                            Its Attorneys
```

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and first class mail on this date to:

Norman Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510


```
                                       _____
                                            Victoria Woodin Chavey
```

| | |
|---|---|
| DANIEL WILLIAMS, | : CIVIL ACTION NO. |
| | : 3:02 CV 02213 (WWE) |
| Plaintiff, | : |
| VS. | : |
| | : |
| THE GILLETTE COMPANY, | : |
| | : |
| Defendant. | : JANUARY 8, 2004 |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF MEDICAL RECORDS

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, the defendant, The Gillette Company ("Gillette"), respectfully submits this memorandum of law in support of its Motion to Compel Production of Medical Records. In this case of alleged mental disability, Gillette seeks the plaintiff's compliance with its discovery request, to which the plaintiff did not object, for the plaintiff's medical and/or psychiatric records.

**BACKGROUND**

The plaintiff instituted suit on December 13, 2002, alleging discrimination on the basis of mental disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and Connecticut General Statutes § 46a-60(1)  The plaintiff's alleged disability is depression. The plaintiff seeks, inter alia, emotional distress damages.

On March 12, 2003, Gillette issued its first set of Interrogatories and Requests for Production, seeking, among other things, plaintiff's medical and psychiatric records from January

1998 to the present. (See Exhibit A, Request 19). Plaintiff sought and received an extension of time until May 5, 2003 in which to reply to Gillette's production requests and ultimately responded to these discovery requests on May 14, 2003. In response to request 19, which requested plaintiff provide Gillette with an authorization to obtain plaintiff's medical records directly from his physicians, plaintiff responded "medical documents to be produced." (See Exhibit A). Notably, the plaintiff did not object to this request.

On September 17, 2003, in anticipation of the plaintiff's upcoming deposition, defendant's counsel wrote plaintiff's counsel outlining the numerous deficiencies in the plaintiff's production and requesting supplemental disclosure prior to the plaintiff's deposition. Specifically, Gillette renewed its request for the plaintiff's medical and/or psychiatric records or authorizations from the plaintiff to obtain the same. (See Exhibit B.) Plaintiff produced no medical records in advance of or at his deposition, which commenced on October 9, 2003.

In response to questions at the deposition about his medical and/or psychiatric history, the plaintiff initially refused to provide any information. (See Exhibit C.) The plaintiff stated that he would not provide Gillette with copies of his medical records, arguing that the records were not relevant if he dropped his claim for emotional distress damages. Plaintiff's counsel did not intervene to instruct the plaintiff to answer these questions. (See Exhibit C.) Gillette's counsel articulated its position that these records were relevant and discoverable not only on plaintiff's claim for emotional distress damages, but also because Gillette is entitled to explore, through

review of the medical records and testimony from the plaintiff, the validity of the plaintiff's claim that he was disabled and/or suffered from depression.

After multiple consultations with counsel during his deposition, the plaintiff ultimately agreed to testify about his psychiatric treatment[1] and to produce his medical and/or psychiatric records. The parties agreed that the plaintiff would provide his own counsel with authorizations for these records and that true copies thereof would be provided to Gillette upon receipt. This agreement was confirmed in writing by letter dated October 16, 2003. (See Exhibit D). The parties further agreed to continue the plaintiff's deposition pending the defendant's receipt and review of the plaintiff's medical and/or psychiatric records. The defendant expressly reserved the right to continue the plaintiff's deposition at a later date. (See Exhibit D).

On October 21, 2003 plaintiff's counsel indicated that the plaintiff's authorizations were expected by November 17, 2003 and that the records would be requested and produced to the defendant thereafter. (See Exhibit E). However, later in November, 2003, plaintiff's counsel informed defendant's counsel that the plaintiff once again had changed his position and refused to produce his medical and/or psychiatric records. Defendant's counsel again reiterated its intention to pursue these records and continue the plaintiff's deposition by letter dated November 26, 2003. (See Exhibit F).

---

[1] The plaintiff's testimony in fact revealed that he had received mental health treatment starting in 1998, prior to his employment at Gillette, which commenced in 2000. (See Exhibit C, pp. 69-72.)

In accordance with Local Rule 37(a), defendant's counsel again attempted in good faith to resolve this ongoing discovery dispute on December 8, 2003. Defendant's counsel maintained that these records were relevant independent of any claim by the plaintiff for emotional distress damages as the plaintiff's claim in this case centered upon an alleged disability stemming from depression, a mental health disorder. Plaintiff's counsel indicated she would further consider the issue and consult with her client. (See Exhibit G).

On December 23, 2003 defendant's counsel again initiated a discussion with plaintiff's counsel in an attempt to resolve this dispute. Plaintiff's counsel indicated that she had not received a decision on the issue from the plaintiff. Defendant's counsel set a deadline of December 31, 2003 for plaintiff to decide to release these records before proceeding with a motion to compel. (See Exhibit H). As of December 31, 2003, and through the present date, the plaintiff has not informed Gillette that he will produce any of his medical and/or psychiatric records, nor has he produced any records. (See Exhibit I).

**ARGUMENT**

Federal Rules of Civil Procedure 26(b) states, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." (Citations omitted). The Supreme Court has held that the term "relevant" "should be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Sommer v. Aronow,

No. 95 Civ. 9320, 1996 U.S. Dist. LEXIS 9949, at *3 (S.D.N.Y. July 16, 1996) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 30, 351 (1978)).  Accordingly, any matter at issue in this case is an appropriate subject of discovery.

The plaintiff's argument that his medical and/or psychiatric records are beyond the broad scope of discovery is untenable, whether or not he withdraws his claim for emotional distress damages.  The plaintiff has put his mental health directly at issue in this case by claiming, inter alia, that he was discriminated against because of his depression in violation of the ADA and Connecticut law.  See Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, at *2-3 (E.D.P.A. 1997)[2] ("To the extent that the records of any of the [plaintiff's] [doctors] contain information relating to the nature of the plaintiff's alleged disability [clinical depression]…they are clearly relevant under Rule 26(b)(1) to plaintiff's ADA claim"); Butler v. Burroughs Wellcome, Inc., 920 F. Supp. 90, 92 (E.D.N.C. 1996) ("In an action under the ADA, a plaintiff's medical history is relevant in its entirety….ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint").

Moreover, the plaintiff failed to make any timely objection to Gillette's request for his medical records.   Rather, his discovery responses indicated that the records would in fact be produced.  (See Exhibit A).  The plaintiff has thus waived his right to object to Gillette's legitimate request.

---

[2] All opinions from outside this jurisdiction are attached hereto as Exhibit J.

Finally, should plaintiff maintain his claim for emotional distress damages, Gillette is also entitled to explore the bona fides, severity and possible causes of the plaintiff's alleged injuries for emotional distress and humiliation. In that regard, the nature, scope and duration of plaintiff's alleged depression is highly relevant. Gillette will be unfairly prejudiced if it is not granted access to the plaintiff's prior psychiatric records in order to assess the plaintiff's claimed damages.

For all of the foregoing reasons, Gillette requests this Court issue an order compelling the plaintiff to produce his medical and/or psychiatric records from January 1998 to the present.[3]

```
                                        DEFENDANT,
                                        THE GILLETTE COMPANY


                                        By _____
                                           Victoria Woodin Chavey ct14242
                                           Day, Berry & Howard LLP
                                           CityPlace I
                                           Hartford, Connecticut 06103-3499
                                           (860) 275-0100
                                           Its Attorneys
```

---

[3] Although the discovery period has otherwise closed, the defendant will need to complete the plaintiff's deposition once his medical records are produced. If the Court grants this motion, the defendant also seeks that the order include a requirement that the plaintiff return to the United States to complete his deposition.

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and first class mail on this date to:

Norman Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

 

_____
Victoria Woodin Chavey