UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL WILLIAMS,<br>　　　Plaintiff, | : | CIVIL ACTION NUMBER |
| VS. | : | 3:02CV 02213 (WWE) |
| THE GILLETTE COMPANY,<br>　　　Defendant. | : | MAY 14, 2003 |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

　　　Pursuant to Federal Rules of Civil Procedure 33 and 34, and the Court's order dated June 9, 2000, the defendant hereby requests that the plaintiff answer the following Interrogatories and Requests for Production separately and fully in writing and under oath within thirty (30) days of the date of service hereof. In answering these Interrogatories and Production Requests furnish all information available to you, including information in the possession of your attorneys, their investigators, or any person acting on your behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any part of these Interrogatories in full after exercising due diligence to secure the information requested, so state and answer the remainder as fully as possible, stating whatever infonnation or knowledge you have concerning the unanswered or partially answered portion.

### INTERROGATORIES

1.　　Please state the name and address of each and every employer with whom you have made any formal or informal application for employment between January 1999 to present. Include in your response a complete list of any affiliations you have entered into with job placement services, personnel recruiters, or "headhunters," and any internet job postings you have responded to or placed.

### ANSWER:

I did not keep a log of names and/or addresses of employers contacted between January 1999 to present. I can mention a few names: Caterpillar, Bombardier, Navistar, Citibank, Iveco, Scania, MAN, Renault, Dacia, BMW, Mercedes, Skoda, Shell.

2.      For each entity identified in response to Interrogatory Number 1 above, please state: a description of each attempt to obtain employment you have made, e.g., searching or placing want ads, contacting placement agencies, submitting a resume, writing a letter; the name of the person or persons at the employer with whom you had any oral or written contact; the dates and nature of each such contact; the position for which you applied; whether, to your knowledge or information, the employer was seeking applications for any position for which you applied and the basis for your knowledge; whether the employer made any response to your application and, if so, state what the employer's response was; whether you were interviewed; whether you were offered any position of employment with the employer; whether you accepted any position of employment with the employer, and, if you did not, why you did not; if you were not offered any position of employment with the employer, state the reason you were not and the reason you were given why you were not; and please identify all documents which constitute, record or refer to any communications between that employer and yourself or anyone acting on your behalf.

**ANSWER:**

**I have used several ways to contact employers: placement/recruitment agencies, direct contact (telephone, resume) and newspaper ads. In some cases (especially newspaper ads) the employers stated there were open positions.**

3.      Please identify each and every employer with whom you have been employed from January 1999 up to and including the present date, and state the period during which you were or have been employed by that employer, the position or positions of employment you have held with that employer, and the dates during which you have held those positions, the rate or rates of pay you have received during your employment with that employer, and the periods during which you received pay at each of those rates, any other compensation or benefits you have received during your employment with that employer, any employment release authorizations or agreement, and the periods during which you received that compensation or benefits, and identify all documents showing or referring to any payment to you by that employer. If you are no longer employed by any employer identified above, please state the date upon which your employment with that employer ended and the reasons for that occurrence.

**ANSWER:**

a.     **Jacobs Vehicle Systems: 1996-2000, I believe my title was Project Engineer. My salary was $35,400.00 per year. My leaving my job was the result of a layoff.**

b.   Duracell/Gillette: 2000-2001, I believe the exact title of the position was Senior Engineer, $65,000.00 per year salary.

4.   Please state: your total earnings from any employment or employment-related activity, including self-employment, during the period of January 1, 1999, to present; and the source or sources of such earnings'; if more than one source, please specify the amount for each source and the dates during which it was received.

**ANSWER:**

1999: $35,404.00
2000: $68,519.00
2001-2003: No income.

5.   Have you been unable for any reason to hold employment since the date of your termination from the defendant? If so, please state: the periods during which you were unable to hold employment; and the reasons you were unable to hold employment.

**ANSWER:**

Yes.

6.   If, after your termination from the defendant, there was any period during which you were not employed and were not making any active attempt to obtain employment, state the reason why you were not making any active attempt to obtain employment.

**ANSWER:**

There were reasons related to medical consequences (emotional distress, mental anguish, humiliation) inflicted by the actions of the defendant and/or its agents.

7.   Is there any type of employment that you are capable of performing based on your employment experience, background or education that you have not sought to acquire since your termination? If your answer is in the affirmative, please provide a description of such employment, the date upon which you became aware of such employment, and whether you had the opportunity to accept the employment, and if so, why you did not accept it.

**ANSWER:**

I believe there isn't.

8.  Since January 1999, if you have received any unemployment compensation, please state: the source(s) of such compensation, the amount(s) of compensation received, and the date(s) received, and please identify all documents related to your application and/or receipt of unemployment compensation.

**ANSWER:**

**I believe I have received unemployment compensation at the beginning of 2000 (perhaps 2-3 months) from the department of the state of CT which handles such things. I do not remember the dates. If I were to give an approximation of the amount I received I would approximate $4,000.00 to $4,500.00.**

9.  If you have communicated with the Worker's Compensation Department of any state(s) since your termination from the defendant, please state: the person or persons with whom you communicated or to whom you addressed your letters or correspondence, whether the communication was by letter or another method of communication, the dates of each communication, the contents of or the matters discussed in each communication, whether any application was made for worker's compensation benefits and, if so, the date of the application, the name and address of the office or person to whom the application was submitted, and if you received any worker's compensation, please state the source(s) of such compensation, the amount(s) of compensation received, and the date(s) received. Please identify any documents referring or relating to your communications or applications with the Worker's Compensation Department.

**ANSWER:**

**I did not communicate with the Worker's Compensation Department of any state since termination by the defendant.**

10.  Identify each and every doctor that you have seen between January 1999, and the present date, including but not limited to medical doctors, psychiatrists and counselors.

**ANSWER:**

**Dr. Andreia Vasilescu, Romania**
**Dr. Simona Bradateanu, Romania**

11.  Please state: the nature of the damages you seek in this action; for each type of damages, state the amount you seek and your method of computation for such

damages; and in providing the information responsive to this Interrogatory, please state the gross amount of such damages. Please identify any documents that refer or relate to any damages you claim.

**ANSWER:**

**Lost salary, benefits, medical insurance, retirement amounts and benefits, matching amounts by Duracell, social security amounts and benefits, out of pocket expense for medical care and medicine due to defendant's actions, legal expenses, borrowing costs to cover my expenses, damages related to infliction of emotional distress, mental anguish, humiliation, lost training and development opportunities, lost professional practice and being out of touch with my profession and career because of the long period of unemployment. I do not have the legal expertise to put an actual dollar amount on my damages.**

12.  Please state the name of any and all persons who have any knowledge of any of the allegations contained in the Complaint.

**ANSWER:**

I do not have a list of people who have knowledge of the complaint. My memory and general medical condition has been seriously affected by what happened, therefore I cannot presently provide a list of people which are part of this category.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL WILIAMS | : |
| VS. | :     NO. 3:02CV02257(AVC) |
| THE GILLETTE COMPANY | :     APRIL 1, 2003 |

### OATH OF RESPONDENT

I, **DANIEL WILLIAMS**, being of sound mind and legal age, and having been duly sworn, do hereby depose and say that:

The answers to the Interrogatories and the documents provided in response to the Defendant's First Set of Interrogatories and Request Production are true, accurate and complete to the best of my knowledge and belief.

_____
DANIEL WILLIAMS

Subscribed and sworn to before me this 21 day of April, 2003.

WITNESS

_____
~~NOTARY PUBLIC~~
~~My Commission Expires:~~

DACIAN MARTON

THE PLAINTIFF, DANIEL WILLIAMS

By /s/ Norman A. Pattis
NORMAN A. PATTIS
Federal Bar No. ct13120
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
His Attorney

## CERTIFICATION

This is to certify that on this 14th day of May, 2003, a copy of the foregoing Interrogatories and Requests for Production was mailed, postage prepaid, to:

Attorney Victoria Wooden-Chavey
Day, Berry & Howard, LLP
CityPlace One
Hartford, CT 06103-3499

/s/ Norman A. Pattis
NORMAN A. PATTIS

## PRODUCTION REQUESTS

1.      Please produce any and all documents that support, relate to, contradict, refer to or are referenced or referred to in the allegations in the Complaint including, but not limited to, all letters, performance reviews, electronic mail communications, awards, bonuses, job promotions, pamphlets, account statements, benefit calculations, audio or video tapes or transcriptions of tapes and memoranda.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

2.      Please produce all documents identified, referred to or reviewed in responding to the foregoing Interrogatories.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

3.      Please produce all documents supporting, relating to, referring to or enumerating the duties of Senior Engineer.

**Documents responsive to this request are more easily obtained by defendant.**

4.      Please produce all documents supporting, relating to, referring to, or contradicting, including but not limited to notes taken regarding the allegation in paragraph 7 that "plaintiffs personal physician called the defendant and informed it that the plaintiff would  be unable to work because he was suffering from a medical  illness. . . ."

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

5.      Please produce all documents supporting, relating to, referring to, or contradicting, including but not limited to notes taken with regard to, the allegation in paragraph 7 that plaintiff "would be unable to work because he was suffering from a medical illness."

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

6.      Please produce all documents supporting, relating to, referring to, or contradicting, including but not limited to notes taken with regard to, the allegation in

paragraph 8 that "the defendant requested additional information about the plaintiff's medical condition."

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

7.  Please produce all documents supporting, relating to, referring to, or contradicting, including but not limited to notes taken with regard to, the plaintiffs allegation in paragraph 8 that "the plaintiffs physician provided the defendant and/or defendant's agents with medical documents indicating that the plaintiff suffered from depression."

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

8.  Please produce all documents supporting, relating to, referring to, or contradicting, including but not limited to notes taken with regard to, the allegations in paragraph 9 of the Complaint.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

9.  Please produce all documents supporting, relating to, referring to, or contradicting paragraph 10 of the Complaint, including but not limited to notes taken with regard to the allegations.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

10. Please produce all documents supporting, relating to, referring to, or contradicting paragraph 11 of the Complaint, including but not limited to notes taken with regard to the allegations.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

11. Please produce all documents supporting, relating to, referring to, or contradicting paragraph 12 of the Complaint, including but not limited to notes taken with regard to the allegations.

**All documents currently in the possession of my attorney are attached hereto.**

**Any other relevant documentation will be produced supplementally.**

12. Please produce all documents supporting, relating to, referring to, or contradicting paragraph 13 of the Complaint, including but not limited to notes taken with regard to the allegations.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

13. Please produce all documents supporting, relating to, referring to, or contradicting paragraph 15 of the Complaint, including but not limited to notes taken with regard to the allegations.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

14. Please produce all documents supporting, relating to, referring to, or contradicting paragraph 16 of the Complaint, including but not limited to notes taken with regard to the allegations.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

15. Please produce all documents supporting, relating to, referring to, or contradicting paragraph 17 of the Complaint, including but not limited to notes taken with regard to the allegations.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

16. Please produce all documents supporting, relating to, referring to, or contradicting paragraph 18 of the Complaint, including but not limited to notes taken with regard to the allegations.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

17. Please produce all documents supporting, relating to, referring to or contradicting the practices, policies, performance reviews, job descriptions, termination and any other letter, benefit booklets, guidelines, representations and any and all other documents in any way related to the plaintiffs employment, leave therefrom or termination therefrom.

**Documents responsive to this request are more easily obtained by defendant.**

18.   Please produce to Day, Berry & Howard LLP, or its representative, an executed copy of the authorization form attached hereto, permitting the opportunity to inspect and copy all of your employment records to the present.

**Medical documents to be produced.**

19.   Please produce to Day, Berry & Howard LLP, or its representative, an executed copy of the authorization form attached hereto, permitting the opportunity to inspect and copy your medical and/or psychiatric records from January 1998, to the present.

**Medical documents to be produced.**

20.   Please produce any and all documents that support, relate to or refer to the damages you identify in your answer to Interrogatory 12 above.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

21.   Please produce any and all documents, including affidavits and/or statements, sent to and/or received by you from any individual(s) relating to the allegations in your Complaint.

**None.**

22.   Please produce all documents related to or concerning your application for and the denial or receipt of unemployment or workers' compensation benefits.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

23.   Please produce all income tax returns, W-2 forms, Form 1099's and all other documents enclosed therewith, which you have received from or filed with the Internal Revenue Service from 1997 to present, whether individual, joint, personal or professional returns.

**All documents currently in the possession of my attorney are attached hereto. Any other relevant documentation will be produced supplementally.**

24.   Please produce all documents and/or files in your possession or control relating

or referring to your employment with Duracell, Inc. or the defendant, The Gillette Company and/or relating to, referring to, and/or contradicting any or all allegations in your Complaint.

**Documents responsive to this request are more easily obtained by defendant.**

THE PLAINTIFF, DANIEL WILLIAMS

By_____
NORMAN A. PATTIS
Federal Bar No. ct13120
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
His Attorney

## CERTIFICATION

This is to certify that on this 14th day of May, 2003, a copy of the foregoing Interrogatories and Requests for Production was mailed, postage prepaid, to:

Attorney Victoria Wooden-Chavey
Day, Berry & Howard, LLP
CityPlace One
Hartford, CT 06103-3499

_____
NORMAN A. PATTIS