# Day, Berry & Howard LLP

COUNSELLORS AT LAW

September 17, 2003

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Norman A. Pattis
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

    Re:    *Williams v. Gillette*

Dear Attorney Pattis:

    We are in receipt of your client's responses to Gillette's Interrogatories and Requests for Production dated May 14, 2003. I am writing to address areas in which we believe these responses are incomplete or inadequate. As you know, Mr. Williams is scheduled to be deposed on October 9, 2003. In light of his upcoming deposition, we ask that you supplement his disclosure by September 26, 2003 so that we may adequately prepare for his deposition.

    In response to interrogatory #1, your client listed 13 employers with whom he made "contact" in an attempt to obtain employment. However, he did not provide any of the specific information requested in interrogatory #2 regarding these attempts to obtain employment, such as a description of attempts he made, whether he was interviewed, whether he was offered employment and, if so, why he did not accept such offer of employment.

    In response to interrogatory #5, your client indicated that he has been unable to hold employment since his termination, however, he did not state the applicable periods nor the reasons why he was unable to hold any employment.

    In response to interrogatory #6, your client did not indicate the periods during which he was not employed and was not making any active attempts to find employment.

    In response to interrogatory #7, your client did not state the specific dates that he obtained unemployment benefits from the State of Connecticut, the total amounts of compensation he received and documents related to his application and receipt of compensation.

# Day, Berry & Howard LLP

Norman A. Pattis
September 17, 2003
Page 2

In response to interrogatory #11, your client did not specify the dollar amount he is seeking relative to each type of damage he claims.

In response to interrogatory #12, your client did not provide the names of any and all persons who have knowledge of any of the allegations contained within his complaint.

In response to Gillette's requests for production, your client indicated that he attached all documents in the possession of his attorney and that he would supplement his disclosure with other relevant documents. We have yet to receive any supplemental documentation from your client. There are many areas where your client's disclosure remains deficient.

In response to production request #3, your client did not produce any documentation regarding the duties of a Senior Engineer.

In response to production request #4, your client did not produce any documentation regarding his allegation that his "personal physician called the Defendant and informed it that Plaintiff would be unable to work because he was suffering from a medical illness."

In response to production requests #5, 7, and 9, which requested documentation regarding your client's allegations that "he would be unable to work because he was suffering from a medical illness," "he provided the Defendant and/or Defendant's agent with medical documents indicating that he suffered from depression," and "he provided the Defendant with notice that he suffered from a disability that substantially interfered with his ability to work and requested a medical leave," yet your client only produced one undated doctor's note. Please provide any and all other documentation that supports these allegations.

In response to production request #10, your client did not produce any documentation regarding his allegation that the Defendant "failed, refused and neglected to pay the Plaintiff for any period of medical leave, and terminated the Plaintiff because he suffered from depression."

In response to production request #11, your client did not produce any documentation regarding his allegation that the Defendant "failed, refused and neglected to attempt to make any accommodation to the Plaintiff's medical disability."

In response to production request #12, your client did not produce any documentation regarding his allegation that "the stated reasons for the Plaintiff's termination were pretextual."

In response to production request #13, your client did not produce any documentation regarding his allegation that "the job duties for which the Plaintiff was hired and employed continue to be performed by persons who do not suffer a disability."

Day, Berry & Howard LLP

Norman A. Pattis
September 17, 2003
Page 3

  In response to production request #14, your client did not provide any documentation regarding his allegation that "the acts and omissions of the Defendant were pretextual."

  In response to production request #15, your client did not provide any documentation regarding his allegations that "the acts and omission of the Defendant and its agents were intentional and inspired by malice."

  In response to production request #16, your client did not produce any documentation to support his allegation that "as a direct and proximate result of the Defendant's acts and omissions, the Plaintiff suffered ascertainable economic loss, employment opportunities, emotional distress and humiliation."

  In response to production request #18, which requested an authorization permitting Day, Berry & Howard LLP to inspect and copy all of Plaintiff's employment records to the present, your client indicated that these documents would be produced. To date we have not received any such employment records nor have we received an authorization to obtain the records.

  In response to production request #19, which requested an authorization permitting Day, Berry & Howard LLP to inspect and copy all of Plaintiff's medical and/or psychiatric records from January 1998 to the present, your client indicated that these documents would be produced. To date we have not received any such medical and/or psychiatric records nor have we received an authorization to obtain the records.

  In response to production request #20, your client did not provide any documentation regarding the items of damages he identified in response to interrogatory #12.

  In response to production request #22, your client did not provide any documentation regarding his application for and receipt or denial of unemployment benefits.

  In response to production request #23, your client did not produce any income tax returns, W2 forms, form 1099s or any other documentation received or filed with the IRS from 1997 to the present.

  If you in fact have no documents responsive to particular requests, please supplement your responses to indicate that fact; otherwise, we will continue to expect some production. Moreover, because you have not objected to any of our interrogatories or document requests, you have no basis for refusing to respond fully and completely.

  We would prefer to resolve these issues without need for intervention by the court. Therefore, we hope that your client will provide us with the information and material discussed in this letter no later than September 26. If we do not receive full responses by that date, we will consider what relief we will seek from the court.

Day, Berry & Howard LLP

Norman A. Pattis
September 17, 2003
Page 4

Very truly yours,

Victoria Woodin Chavey