# Day, Berry & Howard LLP

COUNSELLORS AT LAW

Victoria Woodin Chavey
Direct Dial: (860) 275-0467
E-mail: vwchavey@dbh.com

December 10, 2003

**VIA FACSIMILE**

Katrina Engstrom, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

     Re:    **Williams v. The Gillette Company**

Dear Kit:

     This letter will confirm our telephone conversation on Monday, December 8, in which we discussed your objection to our request, in numerous discovery requests including but not limited to Requests for Production 5, 7 and 9, for medical documents that would support your claim that Mr. Williams suffered from depression and had a disability.

     You will recall that, at Mr. Williams's deposition on October 9 when we raised the issue of his medical records, you initially took the position that you would withdraw Mr. Williams's claim for emotional distress damages and thereby avoid the need to produce the requested medical documents. Your client then decided, in the deposition, to change his mind; you and he indicated that you would seek the requested medical documents as quickly as possible and would not, then, waive the claim for emotional distress damages. See our letter to your office dated October 16. At all times, we indicated to you that we were entitled to the medical records whether or not Mr. Williams asserted a claim for emotional distress damages; because he was alleging a mental disability, we are entitled to receive his medical records to test his claim for protection under the statutory provisions you invoke.

     I understand now that your client has changed his position again and intends to drop any claim for emotional distress damages so that he will not be required to produce medical records. As I told you, our position remains that we are entitled to those medical records even in the absence of a claim for emotional distress damages, because this is a case of alleged mental disability discrimination. We are entitled to explore the alleged mental disability through reference to medical records. In our discussion, I agreed to limit our request to medical records concerning any mental health treatment, whether from an M.D. or other health care provider, in the last five years, i.e., 1998 through the present.

Day, Berry & Howard LLP

Katrina Engstrom, Esq.
December 10, 2003
Page 2

You indicated that you would consider the issue further and try to get back to me this week. We discussed the fact that we suspended Mr. Williams's deposition on October 9, pending receipt of his medical records, and we will need to complete his deposition as soon as this issue is resolved. I trust that you will take the necessary steps to secure his presence at the continued deposition, even if you do not have several months' notice of the date. Indeed, the discovery period ended at the end of November, and we need to complete this remaining piece without delay.

Thank you.

Very truly yours,

Victoria Woodin Chavey