LEXSEE 170 FRD 127

. SHARON K. SARKO, Plaintiff, VS. PENN-DEL DIRECTORY COMPANY, Defendant.

CIVIL ACTION NO. 96-4428

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

170 F.R.D. 127; 1997 U.S. Dist. LEXIS 589; 37 Fed. R. Serv. 3d (Callaghan) 889; 46 Fed. R. Evid. Serv. (Callaghan) 671; 7 Am. Disabilities Cas. (BNA) 195

January 22, 1997, Decided
January 23, 1997, Filed; January 24, 1997, ENTERED

**DISPOSITION:** [**1] Motion is granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant employer filed a motion to compel an independent medical examination of plaintiff disabled worker and to compel her to authorize the release of medical records in her action against the employer under the Age Discrimination and Employment Act of 1967, 29 U.S.C.S. § 621 et seq., and the Americans with Disabilities Act, 42 U.S.C.S. § 12101 et seq.

**OVERVIEW:** A disabled worker brought an action against her employer under the Age Discrimination and Employment Act of 1967, 29 U.S.C.S. § 621 et seq., and the Americans with Disabilities Act, 42 U.S.C.S. § 12101 et seq., in which she alleged that she was fired because of her age and her clinical depression. The employer moved to compel production of the worker's medical records and to require her to submit to an independent medical examination. The court granted the employer's motion in part and denied it in part. The court ordered the worker to disclose medical records of her psychiatric condition because she waived her psychiatrist-patient privilege by raising the issue of her clinical depression in her action. The court ordered the worker to undergo an independent medical examination as to her current mental condition, but denied the employer's motion for a psychiatric examination in all other respects.

**OUTCOME:** The court granted in part the employer's motion to compel its disabled worker to produce her psychiatric medical records and to require the worker to submit to an independent medical examination, in the worker's employment discrimination action. The court held that the worker waived her psychiatrist-patient privilege by raising the issue of her mental condition, and she was required submit to an independent psychiatric examination.

**CORE TERMS:** mental condition, waived, psychiatrist, federal common law, psychotherapist-patient, medication, mental state, disability, providers', confidential communications, long-term, waive, authorize, depression, good cause, psychological, genuinely, privileged, physical examination, emotional distress, civil action, et seq, physician-patient, attorney-client, psychologist, entailing, licensed, ordering, lasting, patients

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Civil Procedure > Disclosure & Discovery > Privileged Matters Evidence > Privileges*
[HN1] Under Fed. R. Evid. 501, the federal common law of privileges applies to federal question cases.

*Evidence > Privileges > Psychotherapist-Patient Privilege*
[HN2] The federal common law now uniformly embraces a psychotherapist-patient privilege. The

170 F.R.D. 127, *; 1997 U.S. Dist. LEXIS 589, **;
37 Fed. R. Serv. 3d (Callaghan) 889; 46 Fed. R. Evid. Serv. (Callaghan) 671

Supreme Court holds that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Fed. R. Evid. 501. This privilege covers confidential communications to licensed psychiatrists and psychologists and is not contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure.

*Evidence > Privileges*
[HN3] The Federal Rules of Evidence provide that the federal law of privileges applies at all stages of the litigation. Fed. R. Evid. 1101(c).

*Evidence > Privileges > Waiver of Privilege*
[HN4] A party waives the psychotherapist-patient privilege by placing her mental condition at issue.

*Pensions & Benefits Law > Americans With Disabilities Act > Prohibited Employment Discrimination*
[HN5] A plaintiff must establish as the first element of her prima facie case of unlawful discrimination that she belongs to a protected category under the Americans with Disabilities Act of 1967, 42 U.S.C.S. § 12101 et seq.

*Pensions & Benefits Law > Americans With Disabilities Act > Qualified Individuals With a Disability*
[HN6] The Americans with Disabilities Act of 1967, 42 U.S.C.S. § 12101 et seq., protects three categories of qualified individuals with a disability, 42 U.S.C.S. § 12112(a), by defining disability as (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C.S. § 12102(2).

*Civil Procedure > Discovery Methods > Mental & Physical Examinations*
[HN7] Where a defendant seeks an order pursuant to Fed. R. Civ. P. 35(a) compelling a plaintiff to submit to an independent examination by its expert forensic psychiatrist, the court may order such an examination only if plaintiff's medical or physical condition is in controversy and upon a showing of good cause.

*Civil Procedure > Discovery Methods > Mental & Physical Examinations*
[HN8] The court will order a mental examination under Fed. R. Civ. P. 35 where (1) there is a separate tort claim for emotional distress, (2) the plaintiff alleges that he suffers from a severe ongoing mental injury or

psychiatric disorder, (3) the plaintiff will offer expert testimony to support the claim, or (4) the plaintiff concedes his mental condition is in controversy.

**COUNSEL:** For SHARON K. SARKO, PLAINTIFF: DONALD P. RUSSO, ALLENTOWN, PA USA.

For PENN-DEL DIRECTORY COMPANY AND BELL ATLANTIC, DEFENDANT: IMOGENE E. HUGHES, KLEINBARD, BELL & BRECKER, PHILA, PA USA. STEPHEN B. WILEY, ARTHUR L. RAYNES, JAMES M. MC CREEDY, WILEY, MALEHORN AND SIROTA, MORRISTOWN, NJ USA.

**JUDGES:** J. CURTIS JOYNER, J.

**OPINIONBY:** J. CURTIS JOYNER

**OPINION:**

[*129] **MEMORANDUM**

**JOYNER, J.**

JANUARY 22, 1997

Before the Court is Defendant's Motion to Compel Independent Medical Examination of Plaintiff and to Compel Plaintiff to Authorize Release of Medical Records. For the following reasons, the Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Sharon H. Sarko was employed by Defendant Penn-Del Directory Company from June 10, 1991 until June 29, 1994, when Defendant discharged her allegedly for chronic tardiness. Plaintiff claims in this action, however, that her discharge violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Plaintiff seeks compensatory [**2] and punitive damages, injunctive relief and attorney's fees for these alleged violations.

The instant motion concerns Plaintiff's ADA claim. Plaintiff alleges that, while she was employed by Defendant, she suffered from clinical depression requiring medication, that this medication caused her difficulty waking up in the morning, that Defendant was aware of her condition, and that, despite her request for a reasonable accommodation of this condition, Defendant unlawfully fired her. In an effort to obtain discovery concerning these allegations, Defendant requested that Plaintiff (1) submit to a psychiatric examination by Defendant's expert, and (2) authorize the release of her medical providers' records, including those of her

primary treating psychiatrist. Plaintiff refused both requests and the instant motion resulted.

## DISCUSSION

### I. The Medical Records

Defendant seeks the records of "each of Sarko's medical providers that had been identified in response to Sarko's interrogatories." (Def.'s Mem. at 3.) Defendant seeks the records of Plaintiff's primary treating psychiatrist in particular, but does not specify which other providers its motion concerns. Still, to the [**3] extent that the records of any of the providers contain information relating to the nature of Plaintiff's alleged disability, her need for medication, or the side effects of the medication, they are clearly relevant under Rule 26(b)(1) to Plaintiff's ADA claim. The questions for present purposes are whether these records are privileged from discovery and, if so, whether any applicable privileges have been waived.

Plaintiff argues that the records are privileged under the Pennsylvania statute providing that "the confidential relations and communications between a psychologist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client." Pa. Cons. Stat. Ann. § [HN1] 5944. It is well-settled, however, that, under Federal Rule of Evidence 501, the federal common law of privileges applies to federal question cases such as this. Wm. T. Thompson Co. v. General Nutrition Corp., 671 F.2d 100, 103 (3d. Cir. 1982); Bayges v. S.E.P.T.A., 144 F.R.D. 269, 271 (E.D.Pa. 1992). n1 [HN2] Under a Supreme Court decision handed down just last year, the federal common law now uniformly embraces a psychotherapist-patient privilege. The Court held in Jaffee [**4] v. Redmond that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under [Rule 501]." 116 S. Ct. 1923, 1931, 135 L. Ed. 2d 337 (1996). This privilege covers confidential communications to "licensed psychiatrists and psychologists" and is not "contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure." Id. at 1931-32. It therefore clearly covers the records of Plaintiff's psychiatrist at issue here.

---

n1 [HN3] The Federal Rules of Evidence also provide that the federal law of privileges applies at all stages of the litigation. See Fed. R. Evid. 1101(c); Bayges, 144 F.R.D. at 271 and n. 2.

---

[*130]    Defendant responds that Plaintiff has waived any applicable privilege by placing her mental condition directly at issue in this action. Defendant cites Whitbeck v. Vital Signs, Inc., 163 F.R.D. 398 (D.D.C. 1995), for the proposition [**5] that the privilege may be waived in such a manner, but this decision rests on District of Columbia law. The Supreme Court did not address waiver of the federal common law privilege in Jaffee, however, explicitly leaving the contours of the new privilege to be fleshed out over time on a case-by-case basis. 116 S. Ct. at 1932. We must therefore first ask whether placing one's mental condition at issue in a civil action waives the federal common law psychotherapist-patient privilege, and, if so, whether the privilege has been so waived here. We answer both questions in the affirmative.

[HN4] We find that a party waives the privilege by placing her mental condition at issue for several reasons. First, our Court, which recognized a qualified federal common law psychotherapist-patient privilege prior to Jaffee, see Mines v. City of Philadelphia, 158 F.R.D. 337 (E.D.Pa. 1994); Siegfried v. City of Easton, 146 F.R.D. 98 (E.D.Pa. 1992), has previously held that a litigant may waive the privilege in this manner. See Topol v. Trustees of University of Pennsylvania, 160 F.R.D. 476, 477 (E.D.Pa. 1995); see also Price v. County of San Diego, 165 F.R.D. 614, 622 (S.D. Cal. 1996)(recognizing [**6] federal common law privilege for psychotherapist-patient communications but holding that litigant waived privilege by raising issue as to her psychological state). Second, the Supreme Court specifically analogized the policy considerations supporting recognition of the privilege in Jaffee to those underlying the attorney-client privilege, which is waived when the advice of counsel is placed at issue in litigation. See, e.g., Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3d Cir. 1995); Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 863 (3d Cir. 1994); see also Rost v. State Bd. of Psychology, 659 A.2d 626, 629 (Pa. Cmwlth. 1995)(reasoning that Pennsylvania's statutory psychotherapist-patient privilege is waived by placing communications at issue by analogy to the state's attorney-client privilege), app. denied, 670 A.2d 145 (1995); Premack v. J.C.J. Ogar, Inc., 148 F.R.D. 140, 144-45 (E.D.Pa. 1993)(predicting that Pennsylvania Supreme Court would hold that placing mental condition at issue in civil action waives psychologist-patient privilege). Lastly, we agree that allowing a plaintiff "to hide ... behind a claim of privilege when that [**7] condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." Id. at 145.

We also find that Plaintiff has placed her confidential communications with her psychiatrist at

170 F.R.D. 127, *; 1997 U.S. Dist. LEXIS 589, **;
37 Fed. R. Serv. 3d (Callaghan) 889; 46 Fed. R. Evid. Serv. (Callaghan) 671

issue in this [HN5] litigation. Plaintiff must establish as the first element of her prima facie case of unlawful discrimination that she belongs to a protected category under the ADA. Olson v. General Electric Astrospace, 101 F.3d 947, 951 (3d Cir. 1996). [HN6] The ADA protects three categories of "qualified individuals with a disability," 42 U.S.C. § 12112(a), by defining disability as

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). Plaintiff alleges that she is a member of all three protected categories by virtue of suffering from clinical depression. (Complaint P 54.) She therefore has placed her mental condition directly at issue in this case, at least with respect to her claims that she belongs to the first two protected categories. [**8] Cf. Holihan v. Lucky Stores, 87 F.3d 362, 366 (9th Cir. 1996) (recognizing that plaintiff who is not actually disabled may still be a member of third protected class), petition for cert. filed, 65 U.S.L.W. 3370 (U.S. Nov. 5, 1996)(No. 96-723); Olson, 101 F.3d at 954 (same). Plaintiff must therefore authorize the release of all records that contain confidential communications with her psychiatrist that are relevant to her mental condition during the time she was in Defendant's employ.

As noted supra, it is not clear the extent to which Defendant's motion concerns the records of medical providers other than Plaintiff's psychiatrist. The only privilege [*131] Plaintiff asserts is the psychotherapist-patient privilege, and this we have held has been waived. Further, the federal common law does not recognize a more general physician-patient privilege. Whalen v. Roe, 429 U.S. 589, 602 n. 28, 51 L. Ed. 2d 64, 97 S. Ct. 869 (1977); U.S. v. Colletta, 602 F. Supp. 1322, 1327 (E.D.Pa.), aff'd., 770 F.2d 1076 (3d Cir. 1985). Moreover, even if we applied Pennsylvania's statutory physician-patient privilege, 42 Pa. Cons. Stan. Ann. § 5929, we would find this privilege waived for similar reasons. Plaintiff [**9] alleges that her mental condition necessitated anti-depressant medication that made it difficult to wake up in the morning. Plaintiff may not now claim that records reflecting her need for this medication and whether it had the side effects she alleges to be privileged. These records are at issue in this litigation, thus Plaintiff must authorize their release as well.

2. The Independent Medical Examination

[HN7] Defendant seeks an order pursuant to Rule 35(a) compelling Plaintiff to submit to an independent examination by its expert forensic psychiatrist. Defendant proposes a face-to-face interview examination lasting two to three hours and not entailing any physical examination or psychological tests. We may order such an examination only if Plaintiff's medical or physical condition is "in controversy" and upon a showing of "good cause." Fed. R. Civ. P. 35(a); see Schlagenhauf v. Holder, 379 U.S. 104, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964). The Supreme Court has noted that these requirements

> are not met by mere conclusory allegations of the pleadings--nor by mere relevance to the case--but require an affirmative showing by the movant that each condition as to which an examination is sought is really [**10] and genuinely in controversy and that good cause exists for ordering each particular examination.

Id. at 118. [HN8] Applying this standard, courts tend to order such examinations where "(1) there is a separate tort claim for emotional distress, (2) the plaintiff alleges that he suffers from a severe ongoing mental injury or psychiatric disorder, (3) the plaintiff will offer expert testimony to support the claim, or (4) the plaintiff concedes his mental condition is in controversy." Smith v. J.I. Case Corp., 163 F.R.D. 229, 230 (E.D.Pa. 1995)(citations omitted)(emphasis added).

This case fits within the second category of cases to a limited extent. Plaintiff's current mental condition is "really and genuinely in controversy" in this action to the extent that Plaintiff alleges that her depression "has had a long-term impact on her mental state" within the meaning of 29 C.F.R. § 1630.2(j)(2). (Complaint P 54.) Though this is not an allegation of injury in the sense that Plaintiff claims any damages for the "impact," cf. Duncan v. Upjohn Co., 155 F.R.D. 23 (D.Conn. 1994); Tomlin v. Holecek, 150 F.R.D. 628 (D.Minn. 1993), we agree with Defendant that Plaintiff [**11] has nonetheless placed her current psychiatric state in controversy with this allegation. Defendant has demonstrated good cause for ordering the examination as to this allegation because we agree that its expert must have "some limited opportunity" to examine Plaintiff to determine the nature and extent of this alleged long-term impact. (Def.'s Mem. at 9.) Generally, however, Plaintiff's Complaint concerns her mental state while she was employed by Defendant from 1991 to 1994 and refers to her alleged disability in the past tense.

170 F.R.D. 127, *; 1997 U.S. Dist. LEXIS 589, **;
37 Fed. R. Serv. 3d (Callaghan) 889; 46 Fed. R. Evid. Serv. (Callaghan) 671

Moreover, Plaintiff has not asserted a separate claim for emotional distress. See Smith, 163 F.R.D. at 230. We therefore conclude that though Plaintiff's current mental state may well be relevant to this litigation, her current mental condition is "really and genuinely in controversy" only to the limited extent described above. Accordingly, we order Plaintiff pursuant to Rule 35(a) to submit to an independent psychiatric examination concerning only the alleged long-term impact of her depression on her current mental state.

An appropriate Order follows.

**ORDER**

AND NOW, this 22nd day of January, 1997, upon consideration of Defendant's Motion to Compel [**12] Independent Medical Examination of Plaintiff and to Compel Plaintiff to Authorize Release of Medical Records, and Plaintiff's Response thereto, it is hereby ORDERED as follows:

(1) Defendant's Motion to Compel Plaintiff to Authorize Release of Medical Records is GRANTED in its entirety;

(2) Plaintiff shall authorize the release of said records within seven days of the date of entry of this Order;

(3) Defendant's Motion to Compel Independent Medical Examination of Plaintiff is GRANTED in PART;

(4) Plaintiff is ORDERED to submit to an examination lasting no more than two hours, not entailing any physical examination or psychological tests, and concerning only Plaintiff's allegation that her alleged disability has had a long-term impact on her mental state;

(5) Defendant's Motion to Compel Independent Medical Examination of Plaintiff is DENIED in all other respects.

BY THE COURT:

J. CURTIS JOYNER, J.

LEXSEE 920 F. SUPP. 90, AT 92

JANICE BUTLER, Plaintiff, v. BURROUGHS WELLCOME, INC., Defendant.

No. 4:95-CV-60-BO2

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
NORTH CAROLINA, EASTERN DIVISION

920 F. Supp. 90; 1996 U.S. Dist. LEXIS 5263; 9 Am. Disabilities Cas. (BNA) 3

February 13, 1996, Decided
February 13, 1996, Filed

COUNSEL: [**1] Attorney(s) for Plaintiff: Ralph T. Bryant, Jr., Morehead City, NC.

Attorney(s) for Defendant: Robert E. Fields III, Susan D. Crooks, WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC, Raleigh, NC.

JUDGES: TERRENCE W. BOYLE, UNITED STATES DISTRICT JUDGE

OPINIONBY: TERRENCE W. BOYLE

OPINION:

[*91] ORDER

This matter comes before the Court on plaintiff's motion for a protective order, and defendant's motion to compel discovery and for sanctions.

* * *

This action was brought on June 2, 1995, alleging that defendant failed to reasonably accommodate plaintiff's psychiatric disorder in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Almost a year earlier, on August 17, 1994, plaintiff brought an action in state court alleging the same facts underlying this case constituted tortious infliction of emotional distress. The state case was voluntarily dismissed by plaintiff on August 8, 1995, twenty days before a scheduled hearing on defendant's motion to dismiss and motion for discovery compulsions and sanctions. Plaintiff's resistance to discovery has been manifested throughout both the state and the instant federal cases.

Plaintiff alleges that she [**2] suffered from a variety of psychiatric and physical conditions between August, 1988, and the time of her termination in January, 1995 for excessive absenteeism. Among other problems, plaintiff was diagnosed with post traumatic stress disorder and severe depression, which led her to have problems in dealing with men. Plaintiff claims a history, since childhood, of physical and sexual abuse by relatives and others to whom she was close. In the course of discovery during the state action, plaintiff revealed she had suffered from a long litany of experiences during the relevant time period, which are set forth in paragraph 17 of defendant's motion and include: her neighbor's killing of her dog, her engagement to someone else while she was married and subsequent discovery that her fiance 'was running around,' rape by her fiance, accusations by one of her ex-husbands that she shot and poisoned him, her child's removal by Social Services on the child's accusation that plaintiff's boyfriend had molested her, an accusation by her boyfriend's child's mother that plaintiff sexually abused the child, a dispute with a local Sheriff, and so on. The "reasonable accommodation" demanded of the defendant [**3] through plaintiff's psychiatrist was that plaintiff be given a "reasonable supervisor," the exact meaning of which is unclear.

Although the action is based on the ADA, plaintiff has resisted disclosing her medical records. She has provided incomplete and illegible records, refused to supply defendant with the proper authorizations and release forms, and provided erroneous addresses from which defendant's subpoenas have returned undeliverable, among other things. During plaintiff's deposition, counsel objected to a question relating to plaintiff's sex life during the relevant period in question.

920 F. Supp. 90, *; 1996 U.S. Dist. LEXIS 5263, **;
9 Am. Disabilities Cas. (BNA) 3

It should be noted that this question followed an indication by plaintiff that she did not wish to discuss any aspect of her marriage to the husband in question. Plaintiff claims this [*92] line of questioning is conducted in bad faith, with the intent to annoy, embarrass, and oppress the plaintiff; and is also irrelevant to the issues being litigated. The deposition therefore ended pending the filing of and decision upon the instant motions. Defendant has requested that plaintiff submit once again to a deposition.

* * *

In an action under the ADA, a plaintiff's medical history is relevant in [**4] its entirety. It is impossible to answer the most basic questions, such as whether the plaintiff was generally foreclosed from similar employment by reason of a major life activity impairment, or otherwise qualified given a reasonable accommodation, or what a reasonable accommodation would have been, without full and complete access to the plaintiff's medical records. And since a defendant is entitled to defend the ADA action by claiming that plaintiff's inability to work without accommodation is the result of something other than the claimed disability, discovery along such lines must also be permitted.

Elements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life. ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint. Plaintiff cannot make an issue of her mental state, build a case upon psychiatric evidence relating to a history of sexual abuse and a dysfunctional attitude toward members of the opposite sex, and then claim she is too embarrassed to answer defendant's questions relating to these topics. Defendant's discovery [**5] requests, including the questioning in deposition, are not merely highly relevant. They are entirely relevant, and may not be resisted if the case is to proceed.

* * *

Plaintiff's motion is DENIED, and her objections to defendant's requests for discovery are all OVER-RULED. Defendant's motion to compel is GRANTED. Plaintiff is ORDERED to comply with defendant's outstanding requests for discovery, including submission to further deposition and to respond to defendant's requests for discovery as they are made. Plaintiff shall also make all of her experts available for deposition. The Court will not consider the testimony of any expert who was not made available for deposition by the opposing party. The time for completing discovery in this matter is extended by sixty (60) days.

Since plaintiff resisted discovery without legitimate grounds, defendant's motion for costs and attorney fees is also GRANTED. Defendant shall submit a statement of its costs so that a proper judgment may be entered.

SO ORDERED.

This 13th day of February, 1996.

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE

LEXSEE 2000 U.S. APP. LEXIS 24773

**DAVID E. CONNOLLY, Plaintiff-Appellant, v. BILL MARTIN, et al., Defendants-Appellees.**

No. 99-2317

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**2000 U.S. App. LEXIS 24773**

**September 26, 2000, Filed**

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 2000 U.S. App. LEXIS 30732.

**PRIOR HISTORY:** Eastern District of Michigan. 99-70243. Friedman. 11-1-99.

**DISPOSITION:** Connolly's motion to supplement the record denied. Connolly's motion for the appointment of counsel denied, and the district court's order affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff prisoner appealed the decision of the United States District Court for the Eastern District of Michigan which dismissed his action filed under 42 U.S.C.S. § 1983 and the Americans with Disabilities Act, 42 U.S.C.S. § 12131 et seq., alleging violations of U.S. Const. amends. VIII, XIV. Plaintiff moved to supplement the record.

**OVERVIEW:** Plaintiff prisoner, pursuant to 42 U.S.C.S. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C.S. § 12131 et seq., sued defendant prison officials alleging that defendants violated his U.S. Const. amends. VIII, XIV rights by failing to treat his depression and sleep disorder and by refusing him his requested work assignment. The district court adopting a magistrate judge's recommendation, granted summary judgment to defendants. Plaintiff appealed and moved to supplement the record. The court affirmed because the only documents plaintiff submitted in support of his Eight Amendment claim were hearsay summaries of evaluations by a psychologist and a doctor. Plaintiff did not provide medical records, affidavits from medical personnel, or any other admissible evidence. Also, plaintiff had no due process claim based on the denial of prison work because inmates had no constitutionally protected property or liberty interest in prison employment. Summary judgment was proper on the ADA claim because plaintiff failed to establish a prima facie ADA case. Motion to supplement the record was denied.

**OUTCOME:** Judgment affirmed because plaintiff did not provide medical records, affidavits from medical personnel, or any other admissible evidence in regards to his Eight Amendment claim, and had no due process claim because inmates had no constitutionally protected property or liberty interest in prison employment. Motion to supplement the record was denied.

**CORE TERMS:** prison, psychologist, properly granted summary judgment, depression, present evidence, reasonably find, depressed, diagnosis, disabled, appointment of counsel, disorder, sleep

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights*

[HN1] A negligent diagnosis does not support an a U.S. Const. amend. VIII claim and federal courts do not second guess medical judgments.

*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights*
[HN2] Inmates have no constitutionally protected property or liberty interest in prison employment.

*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review*
[HN3] Documents that are not part of the district court record cannot be considered by an appellate court on appeal. Fed. R. App. P. 10(a).

**COUNSEL:** DAVID E. CONNOLLY, Plaintiff - Appellant, Pro se, Kincheloe, MI.

For BILL MARTIN, STAN M. BOLT, Defendants - Appellees: Christine M. Campbell, Shannon N. Wood, Office of the Attorney General, Lansing, MI.

**JUDGES:** Before: MERRITT, KENNEDY, and GILMAN, Circuit Judges.

**OPINION:**

ORDER

David E. Connolly, a pro se Michigan prisoner, appeals a district court order dismissing his action filed under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, [*2] this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking monetary, injunctive, and declaratory relief, Connolly sued Michigan Department of Corrections ("MDOC") director Kenneth McGinnis, Warden Thomas Phillips, staff psychologist Stan Bolt, and other unknown "John Doe" defendants. (Bill Martin succeeded McGinnis as MDOC director and was substituted as a defendant.) Connolly alleged that the defendants violated his Eighth and Fourteenth Amendment rights and the ADA by failing to treat his depression and sleep disorder and by refusing him his requested work assignment. The parties moved for summary judgment. The magistrate judge recommended granting summary judgment to the defendants. The district court adopted the magistrate judge's report over Connolly's objections.

In his timely appeal, Connolly argues that the district court erred by resolving disputed issues of material fact. He has moved for the appointment of counsel and to supplement the record.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants on Connolly's Eighth Amendment claim. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). [*3] The only documents Connolly submitted in support of his claim were hearsay summaries of evaluations by a psychologist and a doctor. Connolly did not provide medical records, affidavits from medical personnel, or any other admissible evidence. *See* Fed. R. Civ. P. 56(e). Even assuming Connolly was disqualified from work in 1997 because of depression, psychologist Bolt found that Connolly was not depressed when he examined him in September 1998. At most, Connolly's allegations amount to a charge that Bolt negligently diagnosed his condition, or that Connolly disagrees with Bolt's diagnosis. [HN1] A negligent diagnosis does not support an Eighth Amendment claim, *see Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995), and federal courts do not second guess medical judgments. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Summary judgment was appropriate because Connolly did not present evidence on which the jury could reasonably find for him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

We also conclude that the district court properly granted summary judgment to the [*4] defendants on Connolly's Fourteenth Amendment claims. Connolly had no due process claim based on the denial of prison work because [HN2] inmates have no constitutionally protected property or liberty interest in prison employment. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). Connolly had no equal protection claim because he did not allege that the defendants discriminated against him because of his membership in a protected class. *See McCleskey v. Kemp*, 481 U.S. 279, 292, 95 L. Ed. 2d 262, 107 S. Ct. 1756 (1987); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990).

We further conclude that the district court properly determined that the MDOC director could not be held liable. Connolly did not establish that the MDOC director condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *See Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993). Moreover, as explained above, Connolly did not substantiate any constitutional violations. Without an underlying violation, there can be [*5] no supervisory liability.

Finally, we conclude that the district court properly granted summary judgment to the defendants on Connolly's ADA claim. Connolly claimed that the defendants violated the ADA because they required him to take GED classes to be eligible to work but refused to

2000 U.S. App. LEXIS 24773, *

treat his depression and sleep disorder. Connolly failed to establish a prima facie ADA case. *See Hammon v. DHL Airways*, 165 F.3d 441, 449 (6th Cir. 1999); *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1185 (6th Cir. 1996). He did not present any substantive evidence that he was disabled or was regarded as disabled when he sought his prison job in 1998. Connolly was not otherwise qualified for prison work because he did not have a GED and presented no proof that he was exempt from the GED requirement under prison policy. In contrast, psychologist Bolt swore that Connolly was not depressed and was able to take classes. Summary judgment on Connolly's ADA claim was proper because

Connolly did not present evidence on which a jury could reasonably find for him. *See Anderson*, 477 U.S. at 252.

We deny Connolly's motion to supplement the record because [HN3] documents [*6] that are not part of the district court record cannot be considered by this court on appeal. *See* Fed. R. App. P. 10(a); *United States v. Bonds*, 12 F.3d 540, 552 (6th Cir. 1993). We deny Connolly's motion for the appointment of counsel, and affirm the district court's order for the reasons stated by the district court. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.