UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL WILLIAMS | : |
| VS. | :     3:02CV02213 (WWE) |
| THE GILLETTE COMPANY | :     FEBRUARY 23, 2004 |

**<u>MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL</u>**

    The plaintiff in this action contends that the defendant, a former employer, discriminated against him on the basis of an actual and a perceived disability. In the course of discover, the defendants sought to obtain medical records relating both to the disability at issue in this litigation and relevant to an assessment of any emotional distress damages the plaintiff might claim. The plaintiff, however, refuses to sign releases necessary for the defendant to obtain these records, and the defendant now seeks an order compelling the production of the subject records or other appropriate relief.

    Ironically, the issue on which the parties now founder is the very issue which their relationship to an end and now brings them to Court: A requirement by the defendant that the defendant learn more about his disability. This the plaintiff steadfastly has refused to share.

    The plaintiff urges the Court to note the manner in which the Complaint has been pleaded. The plaintiff contends that he has been discriminated both in

terms of an actual disability and a *perceived* disability. At most, his reluctance to open medical files to the defendant implicates the first theory. The plaintiff's failure to produce medical records can properly be deemed to be a means of waiving the claim as to actual disability. But why should it be deemed such as to a claim of perceived disability?

Should the case be tried, the plaintiff will testify about the steps he took to alert his employer to his medical condition. He will then describe the manner in which he was terminated. Thereafter, the burden will shift to the defendants to argue that they had legitimate nondiscriminatory reasons for acting as it did. The plaintiff's failure to produce records detailing his condition may be enough to justify termination for some jurors. Other may wonder why it was necessary to pour through documents to confirm the illness. The plaintiff is certainly within his rights to advance this litigation to test the hypothesis that an employer need not demand the equivalent of a complete waiver of the right to privacy when ill.

The plaintiff does concede that the failure to produce the records in this case compromises the ability of the defendant to demand against emotional distress damages. The remedy in that case falls far short of dismissal. Instead, the court can rule that the plaintiff has waived claims of emotional distress.

Clearly, the plaintiff has compelling concerns about releasing confidential medical information. He should not be compelled to release it or lose litigation

designed to test the limits of what an employer can and cannot demand of an employee with a perceived disability.

                           THE PLAINTIFF

                           By_____
                                NORMAN A. PATTIS
                                51 Elm St., Suite 409
                                New Haven, CT 06510
                                203.562.9931
                                203.776.9494 (fax)
                                Ct 13120

## **CERTIFICATION**

    The foregoing was mailed this 23rd day of February 2004 to Victoria Woodin Chavey, Day, Berry & Howard, 185 Ayslum St., Hartford, CT 06103-3499.

                              _____
                                  NORMAN A. PATTIS