```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

DANIEL WILLIAMS,                :      3:02CV2213 (WWE)
     Plaintiff,                 :
                                :
v.                              :
                                :
THE GILLETTE COMPANY,           :
     Defendant                  :
```

### RULING ON DEFENDANT'S MOTION TO COMPEL PRODUCTION OF MEDICAL RECORDS

This is an action seeking money damages for an alleged violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and for a violation of Connecticut law prohibiting discriminatory employment practices, codified at Connecticut General Statutes § 46a-60(1). Pending before the Court is the motion to compel production of plaintiff Daniel Williams' ("Williams") mental health/medical records by the defendant Gillette Company ("Gillette"). For the reasons set forth below, Gillette's motion to compel production will be granted.

### Facts

The following facts are taken from the plaintiff's complaint. Williams was employed by the Gillette as a senior engineer. In December, 2000, and again in January, 2001, Williams' personal physician called Gillette and informed Gillette personnel that Williams would be unable to work because he was suffering from a medical illness, and that Williams requested medical leave. Gillette requested additional

1

information about Williams' medical condition to substantiate his claim of medical illness. Williams alleges that his physician provided Gillette and/or Gillette's agents with medical documentation indicating that Williams suffered from depression. Gillette terminated Williams, effective April 30, 2001, for failure to provide adequate documentation demonstrating his illness or disability. Williams alleges that the stated reasons for his termination were pretextual.

**Discussion**

The Supreme Court recognizes a psychotherapist privilege, and all 50 states and the District of Columbia have enacted laws for some form of psychotherapist privilege. The Court asserts that as in all other testimonial privileges, the patient may waive the protection. Jaffee v. Redmond, 518 U.S. 1, 12-15 (1996). District courts in this circuit have held that although the Second Circuit recognizes a psychotherapist-patient privilege, the protection is waived when a plaintiff puts his or her mental or emotional health at issue in the case. Alden v. Time warner, Inc., 1995 WL 679238 *3 (S.D.N.Y. 1995). Courts have long recognized that a party waives the psychotherapist-patient privilege by commencing an action for recovery based on his mental condition. Kerman v. City of New York, 1997 WL 666261 *2 (S.D.N.Y. 1997). In Sidor v. Reno, 1998 WL 164823 *2 (S.D.N.Y. 1998), the court cites Weinstein's Federal Evidence for

2

the proposition that "there is no privilege as to communications relevant to the mental or emotional condition of the patient in any proceeding in which the patient relies on the condition as an element of the patient's claim or defense. A claim for mental pain and suffering waives protection of the psychotherapist-patient privilege because the claim puts the patient's mental condition in issue." 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 504.07(7-8) (2d ed. 1997). The court in Sidor stated that there is no distinction in waiver analysis between the records of a psychotherapist and those of a physician, because "clearly, physician's records can contain equally sensitive and/or embarrassing information." Sidor V. Reno at 2.

   As a threshold issue, Williams initially had no objection to providing the documentation in question, and agreed to produce said documents. At his deposition, Williams reversed himself, and refused to provide any information about his medical and/or psychiatric history, and stated that he would not provide Gillette with copies of his medical records. After consultation with his counsel during the deposition, Williams ultimately agreed to testify about his psychiatric treatment, and he agreed to provide his own counsel with authorizations for the release of his medical and/or psychiatric records. Gillette asserts that by failing to make a timely objection to the discovery request for

his medical records, Williams has waived his right to do so. The Court concurs. "A party which fails to object to a discovery request waives any objections it might otherwise have made." Kimbro v. I.C. System, Inc., 2002 WL 1816820 *1 (D.Conn. 2002).

**Conclusion**

For the reasons set forth above, the Court GRANTS Gillette's motion to compel the production of medical records (Doc. # 22). Williams is instructed to produce his medical records, including psychiatric and/or mental health records, for the years 1998 through the present. Williams is also instructed to make himself available to Gillette's counsel for a continuation of the deposition concerning the alleged disability discrimination claim and mental health records Williams is ordered to produce.

SO ORDERED this 24th day of March, 2004, at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON, Senior U.S. District Judge