United States District Court
District of Connecticut
FILED AT      BRIDGEPORT

4-26-                    2004
Kevin F. Rowe, Clerk
By
     Deputy Clerk

| | |
|---|---|
| DANIEL WILLIAMS, | : CIVIL ACTION NO. |
| | : 3:02 CV 02213 (WWE) |
| Plaintiff, | : |
| VS. | : |
| | : |
| THE GILLETTE COMPANY, | : |
| | : |
| Defendant. | : APRIL 26, 2004 |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

In this case of alleged discrimination on the basis of mental disability, the defendant, The Gillette Company ("Gillette"), respectfully moves this Court pursuant to Federal Rules of Civil Procedure 37(b)(2) and (d) for an order of sanctions and other appropriate relief, including dismissal with prejudice, for the plaintiff's failure to comply with this Court's March 24, 2004 Order, which granted Gillette's Motion to Compel. In the Order, this Court compelled the plaintiff's production of medical records, including psychiatric and/or mental health records, for the years 1998 through the present. That production was due on April 14, but, to date, the plaintiff has failed to produce the required records. Gillette sent written notice to the plaintiff on April 19, 2004 (see Exhibit B), that it would file this motion if the plaintiff did not comply with the Order by April 22, but the plaintiff did not respond to such notice.[1]

---

[1] Gillette offers this limited background mindful that this Court is familiar with parties' history on this discovery issue. For a more complete background, see Gillette's Motion to Compel dated January 9, 2004.

**ARGUMENT**

Federal Rules of Civil Procedure 37(b)(2) provides a broad range of sanctions for a party's failure to comply with a court order. It is well settled that "Federal Rules of Civil Procedure 37 authorizes the dismissal of an action for, inter alia, a party's failure to (a) obey an order to provide or permit discovery...." Witt-Jacobwitz v. Caregivers, Inc., 16 Fed. Appx. 39, 42 (2001) (internal quotations omitted). In addition, Rule 37(d) provides that the court may order any of the Rule 37(b)(2) sanctions as is appropriate if a party fails to serve answers to properly submitted interrogatories and production requests. See F.R.C.P 37(d). "[A] decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of discretion; the court's factual findings supporting its decision are reviewed for clear error." Friends of Animals v. U.S. Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (citations and internal quotations omitted).

"Although entry of a [litigation-ending order] is extreme, discovery orders are meant to be followed." Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 853 (2d Cir. 1995). Courts in this jurisdiction have considered a number of factors in determining what sanction is appropriate where a party has failed to comply with a court order directing discovery. When a litigation-ending order is sought, these factors include: (1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance; and (4) whether the non-compliant party was warned of the consequences of his non-compliance. See Davidson v.

Dean, 204 F.D.R. 251, 255 (S.D.N.Y. 2001); Bambu Sales, 58 F.3d at 852-54. In this case, all four factors weigh in favor of dismissing this action.

"Failure to comply is considered willful when 'the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.'" Gilpin v. Philip Morris Int'l, Inc., 2002 U.S. Dist. LEXIS 12181, at *8-9 (S.D.N.Y. 2002) (quoting Baba v. Japan Travel Bureau Int'l, 165 F.D.R. 398, 402-03 (S.D.N.Y. 1996)). Here, the plaintiff's failure to comply is willful. The Court's March 24, 2004 Order was clear and the plaintiff and his counsel understood it: the plaintiff was to produce his medical records, including psychiatric and/or mental health records from 1998 through the present. Moreover, Gillette reminded the plaintiff in a written notice on April 19, 2004 that he needed to produce the required records, and it informed the plaintiff of its intention to seek sanctions up to and including dismissal of this action if the records were not produced (see Exhibit B); plaintiff failed to respond to that notice. Furthermore, the plaintiff's non-compliance is not due to factors beyond his control. The required records are the plaintiff's own medical records and are easily within his control. The plaintiff has known for over a year -- since March 12, 2003, when Gillette issued its discovery requests -- that Gillette was seeking production of these records. The plaintiff further was aware as of January 8, 2004, when Gillette filed its motion to compel, that Gillette was pursuing these records. The plaintiff's non-compliance can be attributed only to his willful failure to obtain and provide these records to Gillette as ordered by this Court.

Additionally, dismissal is appropriate because lesser sanctions would be ineffective. Particularly given the history of the plaintiff's position on producing these records -- initially not objecting, then objecting at the deposition, then agreeing later at the deposition, and then objecting after the deposition -- it is clear that lesser sanctions, such as monetary penalty, would be ineffective to deter the plaintiff's willful non-compliance. Moreover, such lesser sanctions would further prejudice Gillette's ability to defend itself against the plaintiff's claims. Finally, a lesser sanction such as a stay of proceedings would only prejudice Gillette; this case, which was filed in 2002, has already been severely delayed by the plaintiff's refusal to provide this information in response to properly submitted discovery requests. The plaintiff should not now cause further delay by failing to comply with an Order of this Court.

The length of the plaintiff's non-compliance is substantial and also weighs in favor of dismissal. These medical records were initially requested pursuant to duly submitted discovery requests more than one year ago, on March 12, 2003, to which the plaintiff never objected. Federal Rules of Civil Procedure 37(d) authorizes dismissal for the plaintiff's failure to comply with the original duly submitted discovery requests. Moreover, pursuant to the Court's March 24, 2004 Order, and the Local Rules of Civil Procedure, the plaintiff was to produce his medical records by April 14, 2004. See Exhibit A; L.Civ.P. 35. On April 19, 2004, five days after the records should have been produced, defendant's counsel wrote plaintiff's counsel and provided

him with additional time to comply. To date, the plaintiff has not produced any records and has not contacted Gillette regarding this Court's Order.

Furthermore, there is no indication that the plaintiff will comply if given further time by this Court. The plaintiff made no effort to arrange for the production of these records at a later date, despite being contacted by Gillette. Moreover, in his Opposition to Gillette's Motion to Compel, the plaintiff intimated that he might not even comply with a court order to produce his medical records. In his Opposition, the plaintiff conceded that his medical records were discoverable on the issues of actual disability and emotional distress damages. He even acknowledged that his failure to produce his medical records could properly be deemed a waiver of his claims for actual disability and emotional distress claims. The plaintiff did not, however, withdraw these claims. Instead, the plaintiff all but suggested in his Opposition that his preference would be for this Court to order him to produce these records and then to dismiss his actual disability and emotional distress claims for failure to comply with a court order. However, this Court has ordered that the plaintiff must produce his medical records with respect to all of his claims. Given the plaintiff's failure to comply with this Court's Order, his complaint should be dismissed in its entirety.

Finally, while courts consider whether the non-compliant party has been warned of the consequences of his non-compliance, "[t]here is no requirement of a formal warning before serious

sanctions may be imposed pursuant to Federal Rules of Civil Procedure 37." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991).

> Although formal warnings often precede the imposition of serious sanctions, this court has never considered warning an absolute condition precedent. On the contrary, as indicated supra, we have examined the record to ascertain if the party's disregard of the court ordered discovery justified the sanctions imposed by the district court. We decline to hobble the necessary discretion of the district courts to control discovery by imposing a further requirement of formal and specific warnings before imposing Rule 37(b)(2) sanctions, bearing in mind that, as we hold supra, such sanctions can only be imposed for violations of a specific, previously entered court order. Parties and counsel have no absolute entitled to be "warned that they disobey court orders at their peril."

Id.

While this Court is not required to warn the plaintiff before it enters a sanction pursuant to Rule 37(b)(2), even a serious sanction such as dismissal, Gillette warned the plaintiff on April 19, 2004 that if it did not receive the court-ordered records by April 22, 2004, more than one week past the court-ordered deadline, that it would seek all appropriate sanctions including dismissal. Thus, the plaintiff was warned that his non-compliance could result in dismissal.

"While dismissal with prejudice is a harsh remedy to be used only in extreme situations," Witt-Jacobwitz v. Caregivers, Inc., 16 Fed. Appx. 39, 42 (2d Cir. 2001), compliance with the discovery process and with discovery orders is "necessary to the integrity of our judicial process." Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988). The plaintiff's actions over the last thirteen months, and specifically after being ordered by this Court to produce his medical records, make clear that he will not comply with this Court's March 24, 2004 Order.

For all of the foregoing reasons, Gillette respectfully requests this Court issue an order of sanctions against the plaintiff including dismissal of this action with prejudice.

DEFENDANT,
THE GILLETTE COMPANY

By *[signature]*
Victoria Woodin Chavey ct14242
Sara R. Simeonidis ct25566
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and first class mail on this date to:

Norman Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

*[signature]*
Sara R. Simeonidis
